*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1220**

State of Minnesota,
Appellant,

vs.

Phillip James Merrill,
Respondent.

**Filed February 12, 2024**
**Reversed and remanded**
**Ross, Judge**

Carver County District Court
File No. 10-CR-22-1099

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mark Metz, Carver County Attorney, Kevin A. Hill, Assistant County Attorney, Chaska, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, John Donovan, Assistant Public Defender, St. Paul, Minnesota (for respondent)

Considered and decided by Bratvold, Presiding Judge; Ross, Judge; and Schmidt, Judge.

**NONPRECEDENTIAL OPINION**

**ROSS**, Judge

Sheriff's deputies found Phillip Merrill unconscious in his car seated beside a bag containing 120 grams of methamphetamine. Merrill pleaded guilty to first-degree methamphetamine possession and successfully moved the district court to depart

durationally from his statutorily mandated, presumptive sentence of 128 months in prison. The district court sentenced Merrill to serve only 40 months in prison, and the state appeals. Because the district court abused its discretion by failing to base its durational departure on any substantial and compelling circumstance indicating that Merrill's offense was significantly less serious than the typical first-degree methamphetamine-possession offense, we reverse and remand for resentencing.

## FACTS

A Carver County resident contacted the sheriff's office one night in early December 2022 to report a suspicious vehicle parked in the caller's driveway. Sheriff's deputies arrived and found a car occupied by Phillip Merrill, who was passed out in the driver's seat. Deputies knocked loudly and repeatedly on the car window to rouse Merrill, and they opened the car doors as Merrill awakened. Deputies saw a bag on the front passenger seat containing a white, crystalline substance. Merrill mistakenly believed he was near his home in Minnetonka. The white substance weighed 120 grams and tested positive as methamphetamine.

The state charged Merrill, whose record included previous drug-possession convictions, with first-degree possession of 50 or more grams of methamphetamine. Merrill pleaded guilty and moved the district court to depart downward from his presumptive sentence of 128 months in prison. The district court granted Merrill's departure motion based on the following findings:

> You were found passed out in a car with the drugs. It was the anniversary of your family's tragic car accident and the death of your son. I can't even imagine what that is like to go

2

through. And so I do believe there's exonerating circumstances here that warrant a durational departure. And I don't believe sending you to prison for 128 months is good for public safety or the state or you or the prison system, quite frankly, or the tax payer.

The district court sentenced Merrill to serve 40 months in prison. The state appeals.

## DECISION

The state challenges the district court's decision to grant Merrill's motion to depart durationally from the statutorily mandated, presumptive sentence of 128 months in prison. The state argues first that the district court had no authority even to consider departing in this case, and it argues second that, even if it had that authority, it abused its discretion by departing for reasons not authorized by law. Both arguments are convincing.

The state correctly argues that the district court had no authority to consider departing from the presumptive sentence. "The legislature has the exclusive authority to define . . . the range of the sentences or punishments for [any criminal] violation. No other or different sentence or punishment shall be imposed . . . than is authorized by . . . applicable law." Minn. Stat. § 609.095(a) (2022). The legislature specifically authorized a mandated sentence for the crime to which Merrill pleaded guilty. He pleaded guilty to possessing 50 grams of methamphetamine or more, violating Minnesota Statutes section 152.021, subdivision 2(a)(1) (2022). The legislature has mandated a prison term of the longer of "not less than 65 months or the presumptive fixed sentence under the Minnesota Sentencing Guidelines" for this offense, because Merrill possessed "100 or more grams" of the controlled substance. *See* Minn. Stat. § 152.021, subd. 3(c) (2022). Based on Merrill's criminal history of prior drug possession, the sentencing guidelines indicated a

3

presumptive executed prison term of 128 months. *See* Minn. Sent'g Guidelines 4.C (2022). Merrill therefore faced a statutorily mandated minimum sentence of 128 months in prison.

It is true that the legislature also expressly allows "the prosecutor" to move the district court to sentence qualifying defendants who violated the statute that Merrill violated "without regard to the mandatory minimum sentence." *See* Minn. Stat. § 152.021, subd. 3(c). But the prosecutor did not so move the district court. And Merrill is not one of those qualifying persons—defendants who have "not previously been convicted of an offense under section 152.021, 152.022, or 152.023, or of a similar offense by the United States or another state." *Id.* Merrill's record includes one or more disqualifying offenses.

Merrill argues that, notwithstanding the statutory language authorizing "the prosecutor" to move for a downward departure from a statutorily mandated sentence, the district court has the authority to act on its own motion, and, if it does, it is not limited to granting the motion only for qualifying defendants. We observe that the first of those two arguments has apparent merit, as the statute directs the court how to decide a departure request "[w]hen presented with the [prosecutor's departure] motion, or on its own motion." *Id.* But we need not further address the arguments here, because the district court did not purport to depart downward on its own motion. The district court began the sentencing hearing announcing that it was considering a "dispositional departure, and a durational departure [motion that] were *made by counsel for the defendant*." (Emphasis added.) It continued the hearing to allow the state to develop its response to that motion. When it reconvened, the district court judge announced that he recognized that the statute precluded him from departing dispositionally, adding, "But I can depart in other ways, *as your lawyer*

4

*has made a motion*." (Emphasis added.) The district court did not intimate that it was acting on its own motion, but on Merrill's motion. In sum, the district court acted on Merrill's motion to depart from the statutorily mandated sentence, and the statute does not expressly afford it the authority to do so.[1]

The state also correctly argues that, even if the district court had the authority to entertain Merrill's departure motion, it abused its discretion by departing for reasons not authorized by law. The district court's usual "great discretion" in imposing sentences is limited when it imposes a sentence other than a sentence presumed by law. *State v. Soto*, 855 N.W.2d 303, 307–08 (Minn. 2014). In this case, the district court is bound to impose the presumptive sentence mandated by Minnesota Statutes section 152.021 (2022) unless it finds "substantial and compelling reasons" to impose a lesser sentence, which would constitute a departure from the guidelines. Minn. Stat. § 152.021, subd. 3(c). But a substantial and compelling reason to depart durationally from a guidelines sentence involves only those circumstances that can support a finding that the defendant's criminal conduct was significantly less serious than the conduct an offender typically engages in when committing the same offense. *State v. Solberg*, 882 N.W.2d 618, 623–24 (Minn. 2016). The district court's stated reasons for departing do not meet that standard.

The district court's stated reasons for departing from the mandated sentence here do not involve circumstances that make Merrill's crime less serious than the conduct a first-

---

[1] Because Merrill argues only that the district court may act on its own departure motion, not that it may act on a defendant's departure motion, we limit our discussion to the arguments presented and offer no opinion as to whether defendants may move to depart from the sentence mandated by the statute.

degree methamphetamine possessor typically engages in, let alone significantly less serious. The first reason the district court gave was that Merrill was "found passed out in a car with the drugs." The district court did not explain why it believed that this circumstance makes the crime less serious, and the rationale is not apparent to us. One could more obviously contend that driving a car late at night in his seemingly impaired condition while possessing and using drugs made Merrill's possession offense more serious, not less serious, than the typical possession offense. The district court's second reason for granting Merrill's departure motion was that the offense occurred on "the anniversary of [his] family's tragic car accident and the death of [his] son." It is evident to us how this circumstance might help explain a relapse into methamphetamine use, but we cannot see how it mitigates Merrill's crime, which involved not his use but his possessing about a quarter pound of methamphetamine.

We are not insensitive to the bondage of drug addiction or to the myriad triggering, sometimes tragic and devastating, memories that might seduce a recovering drug user to use again. Nor do we begin to fault the district court for expressing and demonstrating empathy. But because none of the reasons the district court offered to depart from the mandated sentence can support its implied finding that Merrill's drug-possession conduct was significantly less serious than that of the typical first-degree possessor, it acted outside the departure discretion afforded by law. We therefore reverse, and we remand for the district court to impose the statutorily mandated sentence.

**Reversed and remanded.**

6